No. 17,331.

PEOPLE, UPON THE COMPLAINT OF
COLORADO BAR ASSOCIATION *v.* LOGAN.

(272 P. [2d] 993)

Decided July 19, 1954.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK A. WACHOB, Deputy, Mr. RAYMOND B. DANKS, Special Assistant, for complainant.

Mr. CHARLES J. BEISE, Mr. WILLIAM E. DOYLE, for respondent.

*En Banc.*

MR. CHIEF JUSTICE STONE delivered the opinion of the Court.

THE Respondent has for more than twenty years been an attorney at law, admitted and practicing in the State of Colorado. Complaint was filed herein charging Respondent with six specific gross violations of his duty as a member of the bar and praying that by reason thereof he be permanently disbarred from further practice of his profession. The violations of duty so charged consisted in substance of collecting money for and in behalf of clients and retaining said monies and failing and refusing to make settlement with his clients until after complaint was made to the Committee on Grievance and Ethics of the Colorado Bar Association, and also of receiving money from a client with instructions to use the same for the purpose of completing the purchase of a property, and wrongfully spending the same for his own purposes, as a result whereof his client was required to make other and different arrangements to consummate said purchase.

Upon answer filed, the matter was referred to the Honorable Haslett P. Burke, former Justice and Chief Justice of this Court, as Referee. Upon requirement of the Referee, the Attorney General elected to stand on the last charge of wrongfully spending for his own purpose money received from his client for the purchase of property, the other charges to be considered only in aggravation of the offense. After hearing evidence presented by both parties, the Referee found that the charges made in the complaint against Respondent were not only overwhelmingly established, but were undis-

puted. This finding is confirmed by our reading of the record.

Pursuant to his said findings, the Referee recommended that Respondent be indefinitely suspended from the practice of his profession, with the specific provision that the Court would not entertain any application for his restoration prior to the expiration of one year from the date of the entry of the final judgment herein. However, in view of the gravity of the charges and the repeated derelictions of the Respondent, the majority of the court has felt compelled to go even beyond the recommendation of the Referee.

Fidelity to clients and faithful handling and prompt accounting for monies received for or from them is an essential requirement of one standing in the fiduciary relation of an attorney at law. One whose standards of conduct permit him to violate this requirement is an unsafe representative of his client and brings reproach upon the profession to which he belongs.

Accordingly, it is the judgment of this Court that Respondent be prohibited from the practice of law in the State of Colorado, that his license as an attorney and counselor at law in this state be revoked, and that his name be stricken from the roll of attorneys.

Mr. Justice Holland and Mr. Justice Moore concur herein, except that in their opinion we should follow the recommendation of the Referee.